IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No.<br>) |
| BRENDA ALLIN, DENISE MARKOS and TIMOTHY POWER, | )<br>)<br>) |
| Defendants. | ) |

**COMPLAINT IN INTERPLEADER**

Plaintiff Metropolitan Life Insurance Company ("Plaintiff" or "MetLife"), by and through undersigned counsel, respectfully files this Complaint in Interpleader:

**PARTIES**

1. MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is duly licensed to do business in the State of Missouri.

2. Upon information and belief, Defendant Brenda Allin ("Ms. Allin") is the girlfriend/partner or ex-girlfriend/ex-partner of Christian Power (the "Decedent"), and is a citizen and resident of Wentzville, Missouri.

3. Upon information and belief, Defendant Denise Markos ("Ms. Markos") is the mother of the Decedent and is a citizen and resident of Wentzville, Missouri.

4. Upon information and belief, Defendant Timothy Power ("Mr. Power") is the father of the Decedent and is a citizen and resident of De Soto, Missouri.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action, pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, a law of the United States. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

6. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. §1397, and 28 U.S.C. § 1391(b), because all Defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

7. The Decedent was an employee of Wells Fargo & Company ("Wells Fargo") and a participant in the Wells Fargo & Company Life Insurance Plan ("the Plan"), an ERISA-governed employee welfare benefit plan sponsored by Wells Fargo and funded, at least in part, by a group life insurance policy issued by MetLife (the "Group Policy").

8. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

9. ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

10. The Plan, at page 7-8, and the Group Policy's Certificate of Insurance, at page 61, establish the right of a Plan participant to name his or her beneficiary. [A true and correct copy of the Summary Plan Description is attached hereto as **Exhibit A** and the Certificate of Insurance is attached hereto **Exhibit B**.]

11. The Decedent died on December 2, 2024. [A true and correct copy of the death certificate is attached hereto as **Exhibit C**.]

12. At the time of his death, the Decedent was enrolled under the Plan for Basic Life insurance coverage in the amount of FIFTY THOUSAND DOLLARS ($50,000.00) (the "Plan Benefits").[1] The Plan Benefits became payable upon the Decedent's death, pursuant to the terms of the Plan.

13. At the time of his death, the Decedent had not designated a beneficiary for Basic Life insurance benefits under the Plan. As relevant here, the Plan states:

> For Basic Term Life and Optional Term Life coverage, if a beneficiary is not designated, the beneficiary dies before you or at the same time as you, and no contingent (secondary) beneficiary is named, or the contingent (secondary) beneficiary has also died before you or at the same time as you, the death benefit may be paid to your survivors in the following order:
>
> 1. Your surviving spouse or domestic partner[2]
> 2. Equally among your surviving biological and adopted children
> 3. Equally between your surviving parents
> 4. Equally among your surviving brothers and sisters
> 5. Your estate

[Exhibit A, pg. 7-9; *see also* Exhibit B, pg. 61.]

14. On January 2, 2025, Ms. Allin filed a claim for the Plan Benefits. [A true and correct copy of the claim from is attached hereto as **Exhibit D**.]

15. On January 30, 2025, MetLife wrote to Ms. Allin, requesting that she complete a Claimant's Affidavit. [A true and correct copy of the letter is attached as **Exhibit E**.]

---

[1] Decedent was also enrolled in supplemental life insurance benefits and accidental death and dismemberment benefits under the Plan, however, they are not at issue in this dispute.

[2] The Plan provides a lengthy and detailed definition of domestic partner, which includes, but is not necessarily limited to, such factors as an indefinite committed relationship, a spouse-like relationship at the same residence, financial interdependence including joint ownership of certain property and assets. [Exhibit A, pg. 1-7; *see also* Exhibit B, pg. 29.]

3

16. Ms. Allin submitted the Claimant's Affidavit to MetLife on or about February 3, 2025, describing her "Relationship to the Deceased" as that of "Partner" but did not provide additional information about the status of her relationship with Decedent. [A true and correct copy of Claimant's Affidavit is attached as **Exhibit F**.]

17. On February 11, 2025 and February 13, 2025, Mr. Power and Ms. Markos, respectively, submitted Life Insurance Claim Forms to MetLife. [True and correct copies of the Life Insurance Claim Forms are attached as **Exhibit G**.]

18. On or about February 20, 2025, MetLife wrote to Mr. Power and Ms. Markos, advising that the Plan Benefits were not payable to them. The letters explained that they could appeal the decision within 60 days. [True and correct copies of the letters are attached as **Exhibit H**.]

19. In March 2025, Mr. Power, Ms. Markos, and Courtney Power (the Decedent's sister), independently wrote letters to MetLife contesting its decision and stating that, prior to his death, Decedent and Ms. Allin were allegedly no longer in an amicable relationship and were separating. [True and correct copies of the letters are attached as **Exhibit I**.]

20. On April 3, 2025, MetLife informed Ms. Allin, Mr. Power, and Ms. Markos (collectively the "Competing Claimants") that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing the Plan to the danger of double liability. MetLife gave the Competing Claimants an opportunity to try to resolve this matter in order to preserve the Plan Benefits from litigation costs and fees. [A true and correct copy of the letter is attached as **Exhibit J**.] Thereafter, undersigned counsel contacted one or more of the Competing Claimants about their claims, again providing ample

opportunity for them to reach a settlement. To date, the Competing Claimants have been unable to reach an amicable resolution of their competing claims.

21. MetLife cannot determine the proper beneficiary or beneficiaries for the Plan Benefits.

22. If a court were to determine that Ms. Allin was the Decedent's domestic partner (as defined in the Plan) at the time of his death, then the Plan Benefits would be payable to her. If a court were to determine that Ms. Allin was not Decedent's domestic partner (as defined in the Plan) at the time of his death, then the Plan Benefits would be payable in equal shares to Mr. Power and Ms. Markos.

22. MetLife cannot determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself, the Plan, the Group Policy, and Wells Fargo to double liability.

23. As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorneys' fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom said Plan Benefits should be paid.

24. MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant the Court shall designate.

WHEREFORE, MetLife requests the Court:

(i) Restrain and enjoin the Defendants from instituting any action or proceeding in any State or United States court against MetLife, Wells Fargo, the Plan, or the Group Policy for the recovery of Plan Benefits, plus any applicable interest, by reason of the death of the Decedent;

(ii) Permit MetLife to pay to the Clerk of the Court the Plan Benefits, including any applicable interest due and owing under the terms of the Plan;

(iii) Upon receipt of the Plan Benefits by the Clerk of the Court, and upon MetLife's filing of a Motion to Dismiss, dismiss MetLife with prejudice from this action, and discharge MetLife, Wells Farge, the Plan, and the Group Policy from any further liability for the Plan Benefits;

(iv) Require that the Defendants litigate or settle and adjust between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits should be paid; and

(v) Award MetLife its costs and attorneys' fees incurred in this action if any Defendant challenges the interpleader and causes unnecessary litigation expenses to be incurred.

Dated: February 17, 2026

Respectfully submitted,

/s/Cristin J. Mack
Cristin J. Mack, MO# 61270
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
7700 Bonhomme Ave., Suite 650
St. Louis, MO 63105
Phone: (314) 802-3943
Fax: (314) 802-3936
Email: cristin.mack@ogletree.com

*Attorneys for Plaintiff Metropolitan Life Insurance Company*